UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————X

 ROBERT BOYKIN and ELIZABETH BOYKIN,

Pl   Docket #:

-against-

**NOTICE OF
REMOVAL**

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

Defendants.

—————————————————————————X

**TO THE HONORABLE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

The Petitioners, SHAUN OTTEN & INSINGER PERFORMANCE INCORPORATED,

defendants in the above entitled action, by their attorneys, WHITE, FLEISCHNER & FINO,

LLP, respectfully show this Court:

    1.    The petitioners are named defendants in the instant action.

    2.    This action was commenced by the filing of a Summons and Verified

Complaint in the Supreme Court of the State of New York, County of Orange, on or about

January 18, 2008.  Annexed hereto as **Exhibit "A"** is a copy of this pleading.

    3.    Petitioners served an Answer to Plaintiffs' Complaint on February 13, 2008.

Along with their Answer, petitioners also served Plaintiff with a Demand for Relief.

Annexed hereto as **Exhibit "B"** are copies of Petitioner's Answer and the Demand for

Relief.

    4.    On or about February 28, 2008, Plaintiff provided, within their Bill of

Particulars, a demand for relief totaling $3 million.  A copy Plaintiff's Bill of Particulars, as

well as the accompanying affidavit of service, are attached here as **Exhibit "C"**.

5.     Plaintiffs in the above captioned matter claim to have sustained personal injuries and other damages on May 29, 2007, when plaintiff Robert Boykin was involved in a motor vehicle accident with petitioner SHAUN OTTEN.

6.     This Court has original jurisdiction of this civil action pursuant to 28 USC §1332 because there is complete diversity in the matter and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7.     Petitioner  INSINGER  PERFORMANCE  INCORPORATED  is  a Pennsylvania corporation, with its principle place of business in Dushore, Pennsylvania.

8.     Petitioner SHAUN OTTEN is a resident of Tunkhannock, Pennsylvania.

9.     Plaintiff is a resident of Middletown, New York.

WHEREFORE, petitioners pray that the instant action now pending before the Supreme Court of the State of New York, County of New York, be removed therefrom to the United States District Court for the Southern District of New York and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      March 11, 2008

                 Yours, etc.,

                 WHITE FLEISCHNER & FINO, LLP

                 By:

                 DANIEL M. STEWART (DS 7989)
                 Attorneys for Petitioners
                 61 Broadway - 18th Floor
                 New York, New York 10006
                 (212) 487-9700
                 Our File No.: 117-13283-D-PAF/DMS

TO:     (See Attached Affidavit)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
ROBERT BOYKIN & ELIZABETH BOYKIN,

                              Plaintiffs,           **Index #: 00002/08**

              -against-                             **NOTICE OF SERVICE**
                                                    **OF SUMMONS**
SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

                              Defendants.
-------------------------------------------------------------------X

S I R:

        PLEASE TAKE NOTICE, that pursuant to the provisions of Section 253 of the

Vehicle and Traffic Law of the State of New York, a copy of the Summons in the above

entitled action was served upon you by mailing on January 18, 2008 a copy of such

Summons to the Secretary of State of the State of New York addressed to his office in the

City of Albany, New York with a fee of Ten ($10.00) Dollars;

        AND TAKE FURTHER NOTICE that we are sending you herewith by certified

mail a copy of the Summons and Complaint in this action.

Dated: Goshen, New York
        January 18, 2008

                                        Yours, etc.


                                        RICHARD BERNSLEY, ESQ.
                                        Attorney for Plaintiffs
                                        One Railroad Avenue
                                        Goshen, NY   10924
                                        Phone: 845-294-4788

TO:     Insinger Performance Incorporated
        Defendant
        RR2 Box 1282 B
        Dushore, PA  18614

Index #: **2008 - 00002**
Date Purchased: 1/2/08
Plaintiffs designate
Orange County
as the place of trial
The basis of the venue
is Plaintiffs' residence.

SUPREME COURT OF THE STATE OF NEW YORK:
COUNTY OF ORANGE:

———————————————————————

ROBERT BOYKIN & ELIZABETH BOYKIN,

Plaintiffs,

-against-

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

Defendants.

———————————————————————

**SUMMONS**

Plaintiffs reside at
45 Underhill Rd. Apt.
Middletown, NY 10940

*FILED ORANGE COUNTY CLERK*
*JAN - 2 A*

*ORIGINAL FILED*

To the above named defendants,

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with a summons, to serve a notice of appearance, with the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Goshen, New York
     November 26, 2007

Richard Bernsley, Esq.
Attorney for Plaintiffs
One Railroad Avenue
Goshen, New York 10924
(845) 294-4788

Defendants' Addresses:
SHAUN OTTEN
Defendant-in-Person
4 Stonecrest Apts.
Tunkhannock, Pa 18657

INSINGER PERFORMANCE INCORPORATED,
Defendant
RR2 Box 1282 B
Dushore, Pa 18614

Case 7:08-cv-02486-KMK          Document 1          Filed 03/11/2008          Page 6 of 33

SUPREME COURT OF THE STATE OF NEW YORK:
COUNTY OF ORANGE:

ROBERT BOYKIN & ELIZABETH BOYKIN,

                              Plaintiffs,

                                                    **VERIFIED COMPLAINT**

          -against-                                  INDEX#: 2008- 00002

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

                              Defendants.

Plaintiffs, by their attorney, Richard Bernsley, Esq., as and for their Verified Complaint
herein allege the following:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, ROBERT BOYKIN:

1.    At all times hereinafter relevant, plaintiffs, ROBERT BOYKIN and ELIZABETH BOYKIN, were and still are residents of City of Middletown, County of Orange and State of New York.

2.    At all times hereinafter relevant, upon information and belief, defendant, SHAUN OTTEN, was and still is a resident of County of Wyoming and Commonwealth of Pennsylvania.

3.    At all times hereinafter relevant, upon information and belief, defendant, INSINGER PERFORMANCE INCORPORATED, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a Sister State.

4.    At all times hereinafter relevant, upon information and belief, defendant, INSINGER PERFORMANCE INCORPORATED, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of Pennsylvania.

5.      At all times hereinafter relevant, plaintiff, ROBERT BOYKIN was the operator of a 1997 Chevrolet motor vehicle bearing license plate number BVS6815 for the State of New York.

6.      At all times hereinafter relevant, defendant, SHAUN OTTEN, was the operator of a 1994 Case motor vehicle bearing license plate number AE82072 for the Commonwealth of Pennsylvania.

7.      At all times hereinafter relevant, defendant, INSINGER PERFORMANCE INCORPORATED, was the owner of a 1994 Case motor vehicle bearing license plate number AE82072 for the Commonwealth of Pennsylvania.

8.      At all times hereinafter relevant, defendant, INSINGER PERFORMANCE INCORPORATED, was the lessee of a 1994 Case motor vehicle bearing license plate number AE82072 for the Commonwealth of Pennsylvania.

9.      At all times hereinafter relevant, defendant, INSINGER PERFORMANCE INCORPORATED, reserved unto itself the maintenance and control of a 1994 Case motor vehicle bearing license plate number AE82072 for the Commonwealth of Pennsylvania.

10.     At all times hereinafter relevant, defendant, SHAUN OTTEN, operated the 1994 Case motor vehicle bearing license plate number AE82072 for the Commonwealth of Pennsylvania with the permission, expressed and/or implied, of the defendant, INSINGER PERFORMANCE INCORPORATED.

11.     At all times hereinafter relevant, defendant, SHAUN OTTEN, was employed by, and was the agent and servant of INSINGER PERFORMANCE INCORPORATED.

12.     At all times hereinafter relevant, defendant, SHAUN OTTEN, acted within the scope of his employment and for and on behalf of his employer, defendant, INSINGER PERFORMANCE INCORPORATED.

13.     At all times hereinafter relevant, Interstate 84, Town of **Wawayanda**, County of Orange and State of New York, was and still is a public highway and thoroughfare.

14.     At all times hereinafter relevant, Interstate 84, Town of Wawayanda, County of Orange and State of New York, was the situs of the accident herein.

15.     On or about the 29th day of May, 2007, the aforementioned vehicles were in contact with each other.

16.     The accident and injuries, which resulted therefrom, were caused by the negligence, wanton, reckless and careless acts of the defendants, jointly and severally, and without any fault or negligence contributing thereto on the plaintiff's part.

17.     The defendants, jointly and severally, were negligent, wanton, reckless, extremely disregardful and careless in causing and/or permitting their motor vehicle to come in contact with plaintiff's motor vehicle; in failing to take those steps necessary to avoid the incident which occurred herein; in failing to operate their motor vehicle in a manner and at a speed which was reasonable and proper under the traffic conditions then prevailing; in failing to keep their motor vehicle under proper control; in failing to properly operate the steering and braking systems of their motor vehicle in order to prevent the incident which occurred herein; in failing to keep a proper lookout; in failing to stop and/or slow down; in failing to obey the rules of the road; in failing to obey the traffic devices of the road; in failing to maintain adequate space between their motor vehicle and those around them; in failing to proceed in the proper lane of travel; in crossing into plaintiff's lane of travel; in failing to exercise the caution, care and prudence which was reasonable and proper under all the circumstances then existing; in failing to yield the right of way; in acting without regard for the safety of others; and in being in other ways negligent, wanton, reckless, extremely disregardful and careless.

18.     That by reason of the foregoing, this plaintiff, ROBERT BOYKIN, has sustained a serious injury as defined in subsection (d) of section 5102 of the Insurance

Law of the State of New York and was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are prolonged effects of pain, disability, disfigurement, loss of bodily functions. In addition, this plaintiff has incurred economic loss greater than basic economic loss as defined in subdivision (a) of section 5102 of the Insurance Law of the State of New York.

19.    The limited liability provisions of CPLR 1601 do not apply to this action pursuant to one or more of the exceptions at CPLR 1602.

20.    That by reason of the foregoing, this plaintiff, ROBERT BOYKIN, was damaged and the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, ELIZABETH BOYKIN:

21.    The plaintiff, ELIZABETH BOYKIN, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through 19" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

22.    The plaintiff, ELIZABETH BOYKIN, is the lawfully wedded wife of the plaintiff, ROBERT BOYKIN.

23.    By reason of this accident, the plaintiff, ELIZABETH BOYKIN, has been deprived of the comfort, services, companionship and society of her husband and has incurred and will continue to incur great expense incident to his medical care and treatment.

24.    That by reason of the foregoing, this plaintiff was damaged and the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, in an amount to be determined upon the trial of this action, together with such interest, costs and disbursements as are appropriate to the action.

Dated: Goshen, New York
      November 26, 2007

Yours, etc.

Richard Bernsley, Esq.
Attorney for Plaintiffs
One Railroad Avenue
Goshen, New York 10924
(845) 294-4788

TO:

SHAUN OTTEN
Defendant-in-Person
4 Stonecrest Apts.
Tunkhannock, Pa 18657

INSINGER PERFORMANCE INCORPORATED,
Defendant
RR2 Box 1282 B
Dushore, Pa 18614

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF ORANGE)

ROBERT BOYKIN, the undersigned, being duly sworn, deposes and says:  I am the Plaintiff in the action herein; I have read the annexed Summons and Complaint and know the contents thereof; the same is true to my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

*Robert Boykin*

ROBERT BOYKIN

Sworn to before me this
28 day of November, 2007

NOTARY PUBLIC

LOUISA M. INGRASSIA
Notary Public, State of New York
No. 01IN6074711
Qualified in Orange County
Commission Expires May 20, 20 10

STATE OF NEW YORK )
                  )ss.:
COUNTY OF ORANGE  )

I, KATHERINE SWEENEY, the undersigned, being sworn, say:

I am not a party to the action, am over 18 years of age and reside at Washingtonville, New York.

On January 18, 2008 I served the within Notice of Service of Summons by depositing a true copy thereof enclosed in a post paid envelope via first class mail in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to each of the following persons at the last known address set forth after each name:

Insinger Performance Incorporated
RR2 Box 1282 B
Dushore, PA 18614

_Katherine Sweeney_
KATHERINE SWEENEY

Sworn to before me this
18th day of January, 2008

_Theresa Coleman_
NOTARY PUBLIC

THERESA COLEMAN
Notary Public, State of New York
No. 01CO6044368
Qualified in Orange County
Commission Expires July 3, 20 10

Index No. 2                    Year 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

ROBERT BOYKIN & ELIZABETH BOYKIN,

Plaintiffs,

against

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

Defendants.

SUMMONS & VERIFIED COMPLAINT

LAW OFFICES OF
RICHARD ALAN BERNSLEY

Attorney for Plaintiffs

ONE RAILROAD AVENUE
GOSHEN, NEW YORK 10924
TEL (845) 294-____

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous and that (1) the annexed document is not frivolous and (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: November 26, 2007          Signature _____  Richard Bernsley

Print Signer's Name: Richard Bernsley

Service of a copy of the within _____

Dated: _____

Attorney(s) for _____

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY    that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within-named Court on _____ 20__

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within-named Court at _____ on _____ 20__ at ____ M.

Dated: _____

LAW OFFICES OF
RICHARD ALAN BERNSLEY

Attorney for _____

ONE RAILROAD AVENUE

To: _____

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------------X

ROBERT BOYKIN and ELIZABETH BOYKIN,

                  Plaintiff,                  Index No.: 00002/08

        -against-                    **VERIFIED ANSWER**

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

                  Defendants.

-------------------------------------------------------------X

       Defendants, SHAUN OTTEN & INSINGER PERFORMANCE INCORPORATED,

by their attorneys, WHITE FLEISCHNER & FINO, LLP, as and for their answer to the

plaintiffs' verified complaint, respectfully alleges:

### AS AND FOR DEFENDANTS' ANSWER TO
### PLAINTIFFS' FIRST CAUSE OF ACTION

      1.      Denies knowledge and information sufficient to form a belief as to those

allegations set forth in paragraphs numbered "1", "3", "5", "9", "13", "14", and "15".

      2.      Upon information and belief denies those allegations set forth in paragraphs

numbered "8".

      3.      Denies each and every allegation set forth in paragraphs numbered "2" except

admits that SHAUN OTTEN is a Pennsylvania resident.

      4.      Denies each and every allegation set forth in paragraphs numbered "11" and

"12" except admits that SHAUN OTTEN was employed by INSINGER on the date of the

alleged accident, and was in the course and scope of his employment at the time of the alleged

accident.

      5.      Denies each and every allegation set forth in paragraphs numbered "16", "17",

"18", "19", and "20" and leaves all matters of law to the honorable court.

## AS AND FOR DEFENDANTS' ANSWER TO
## PLAINTIFFS' SECONDCAUSE OF ACTION

6.     Defendants,     SHAUN     OTTEN     &     INSINGER     PERFORMANCE

INCORPORATED, repeat(s) and reiterate(s) each and every denial heretofore made in this

answer to the paragraphs of the complaint designated "1" through "20" inclusive, with the

same force and effect as if set forth here more particularly at length, all in response to the

paragraph of the complaint designated "21".

7.     Denies each and every allegation set forth in paragraphs numbered "23".

8.     Denies knowledge and information sufficient to form a belief as to those

allegations set forth in paragraphs numbered "22".

9.     Denies each and every allegation set forth in paragraphs numbered "24" and

leaves all matters of law to the honorable court.

## AS AND FOR A FIRST CAUSE OF ACTION

10.     Pursuant to CPLR Article 16, the liability of defendants, SHAUN OTTEN &

INSINGER PERFORMANCE INCORPORATED, to the plaintiffs herein for non-economic

loss   is   limited   to   defendants,   SHAUN   OTTEN   &   INSINGER   PERFORMANCE

INCORPORATED, equitable share determined in accordance with the relative culpability of

each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11.     That by entering into the activity in which the plaintiffs were engaged at the

time of the occurrence set forth in the complaint, said plaintiffs knew the hazards thereof and

the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever

injuries and damages were sustained by the plaintiffs herein as alleged in the complaint arose

from and were caused by reason of such risks voluntarily undertaken by the plaintiffs in their

activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.    Plaintiffs have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.   Any award made to plaintiffs shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.    Any damages sustained by the plaintiffs were caused by the culpable conduct of the plaintiffs, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.   But if a verdict of judgment is awarded to the plaintiffs, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.    The risks and dangers, if any, were open, obvious, notorious, and apparent.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.    This case shall be dismissed under the doctrine of Forum Non Conveniens.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16.    Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17.    That the Court herein does not have jurisdiction over the person of the

defendants, SHAUN OTTEN & INSINGER PERFORMANCE INCORPORATED, in that they

were not properly served with the summons and complaint in the above action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18.    Plaintiff failed to mitigate damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19.    That plaintiffs do not have a "serious injury" as defined in §5102 and §5104 <u>et.</u>

<u>seq.</u> of the New York Insurance Law and is therefore barred from maintaining this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20.    That the defendants, SHAUN OTTEN & INSINGER PERFORMANCE

INCORPORATED, exercised reasonable care in the ownership, maintenance and operation of

the vehicle in question.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21.    The vehicle in question conformed with all applicable rules, regulations, laws,

statutes, codes, standards and requirements formulated and/or in effect at the time of the

alleged accident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22.    That the plaintiffs failed to use safety devices available to the plaintiffs at the

time of the events alleged in the plaintiffs' complaint and the plaintiffs' failure to use such

devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiffs.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

23.     That plaintiff(s) injuries were caused in whole or in part by the failure of the operator of the host vehicle to properly restrain the plaintiff in said motor vehicle with a safety seat or belt, pursuant to Vehicle and Traffic Law §1229(c).

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

24.     That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

WHEREFORE, defendants, SHAUN OTTEN & INSINGER PERFORMANCE INCORPORATED, demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
          February 13, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By:  _____

DANIEL M. STEWART
Attorneys for Defendants
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 117-13283-D-PAF/DMS

TO:     (See Attached Affidavit)

STATE OF NEW YORK    )
COUNTY OF NEW YORK   ) ss:

DANIEL M. STEWART, being duly sworn, deposes and says:

That he is the attorney for the defendants in the within action; that he has read the within Answer and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendants is that the defendants are not within the county where deponent has his office.

_____
DANIEL M. STEWART

Sworn to before me this
13th day of February, 2008

_____
WENDY A. JANTZ
Notary Public, State of New York
No. 01JA...112
Qualified in Richmond County
Commission Expires January 23, 20_11_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

ROBERT BOYKIN and ELIZABETH BOYKIN,

           Plaintiff,

     -against-

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,
           Defendants.

## VERIFIED ANSWER

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANTS, SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED*
**61 BROADWAY
NEW YORK, N.Y. 10006
(212) 487-9700**

*To:*
*Attorney(s) for*

*Service of a copy of the within*       is hereby admitted.
*Dated:*

                          ........................
                          *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
   *entered in the office of the clerk of the within named Court on*
NOTICE OF
ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
   *one of the judges of the within named Court, at , on , at  .*
NOTICE OF
SETTLEMENT

*Dated:*

                       **WHITE FLEISCHNER & FINO, LLP**
         *Attorneys for*

                    **61 BROADWAY
NEW YORK, N.Y. 10006**

COUNTY OF ORANGE
—————————————————————————————X

ROBERT BOYKIN and ELIZABETH BOYKIN,

                         Plaintiff,                     Index No.: 00002/08

           -against-                            **DEMAND FOR**
                                                    **RELIEF**

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

                        Defendants.

—————————————————————————————X

S I R S :

      PLEASE TAKE NOTICE that, pursuant to CPLR 3017(c) the defendants herein,

SHAUN OTTEN & INSINGER PERFORMANCE INCORPORATED, hereby requests that,

within twenty (20) days hereof, the plaintiffs ROBERT BOYKIN and ELIZABETH BOYKIN,

serve a supplemental demand for relief setting forth the total damages to which he deems

himself entitled.


Dated: New York, New York
        February 13, 2008

                                Yours, etc.,

                                WHITE FLEISCHNER & FINO, LLP

                                By:                                                                         
                                       DANIEL M. STEWART
                                Attorneys for Defendants
                                61 Broadway - 18th Floor
                                New York, New York 10006
                                (212) 487-9700
                                Our File No.: 117-13283-D-PAF/DMS


TO:     (See Attached Affidavit)

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

ROBERT BOYKIN & ELIZABETH BOYKIN,

Plaintiffs,

-against-

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

Defendants.

**VERIFIED BILL OF
PARTICULARS**

Index #: 2/08

---

Plaintiffs, by their attorney, Richard A. Bernsley, Esq., as and for their Verified Bill of Particulars, herein state as follows:

1. Plaintiffs reside at 45 Underhill Road, Apt. K, Middletown, New York. Robert Boykin's date of birth is 12/24/1969 and his social security number is 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.
2. The accident occurred on May 29, 2007, at approximately 4:00 p.m. The weather conditions were clear.
3. The accident occurred on Interstate 84, Town of Wawayanda, County of Orange and State of New York when defendants' vehicle turned into plaintiff's vehicle.
4. Plaintiff's vehicle was traveling eastbound in the right lane of Interstate 84. Defendants' vehicle was traveling eastbound in the left lane of Interstate 84 when it turned into plaintiff's lane of travel.
5. Not applicable.
6. The defendants were negligent, wanton, reckless, extremely disregardful and careless: in causing and/or permitting their motor vehicle to come in contact with plaintiff's motor vehicle; in failing to take those steps necessary to avoid the incident which occurred herein; in failing to operate their vehicle in a manner and at a speed which was reasonable and proper under the traffic conditions then prevailing; in failing to keep their motor vehicle under proper control; in failing to properly operate the steering and braking systems of their motor vehicle in order to prevent the incident which occurred herein; in failing to keep a proper lookout; in failing to stop and/or slow down; in failing to obey the rules of the road; in failing to obey the traffic devices of the road; in failing to maintain adequate space between their motor vehicle and those around them; in failing to exercise the caution, care and prudence which was reasonable and proper under all the circumstances then existing; in following a vehicle too closely; in failing to be attentive; and in failing to see that what was in plain sight; in crossing into plaintiff's lane of travel; in making an unsafe turn; in failing to proceed in the proper lane of travel; in failing to observe the roadway; and in failing to yield the right of way.

7. On the accident date, the defendants violated New York State Vehicle and Traffic Law sections: 1110(a);1120;1122;1123;1126;1127(a);1128(a);1129(a);1180(a); and 1212.

8. The plaintiff, Robert Boykin, sustained the following injuries:

> -Left shoulder tear of the supraspinatus tendon
> -Left shoulder tear of the posterior lip of the glenoid labrum
> -Left shoulder rotator cuff tear
> -Left shoulder impingement
> -Left shoulder instability
> -Left shoulder intra-articular synovitis
> -Left shoulder undersurface fraying of the rotator cuff tendon
> -Left shoulder fraying of the anterior and posterior glenoid labra
> -Left shoulder internal derangement
> -Left knee tear of the posterior horn of the medial meniscus
> -Left knee internal derangement
> -Left ankle inversion sprain
> -Cervical sprain/strain

All of the above injuries and their sequela are permanent except for those of a superficial nature.

The plaintiff, Robert Boykin, has sustained a serious injury. The plaintiff has sustained a permanent consequential limitation of use and significant limitation of use pertaining to his left shoulder and left knee. The plaintiff has sustained a significant disfigurement to his left shoulder. The plaintiff has sustained a medically determined injury or impairment of a non-permanent nature which has prevented him from performing substantially all of the material tasks which constituted his usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately following this accident. The plaintiff has also sustained economic damages exceeding basic economic loss due to continuing medical expenses.

All of the foregoing injuries resulted in damage, stretching, tearing and injury to surrounding muscles, tendons, ligaments, cartilages, nerves, nervous system, tissues, blood supply and soft parts.

All of the above injuries were accompanied by, and productive of, severe pain, tenderness, weakness, stiffness, discomfort, swelling, soreness, limitation and restriction of motion and movement, rotation, flexion, and extension of limbs, inflammation, rigidity, numbness, instability deformity, and disability with involvement of the ligaments, muscles, nerves, tendons, soft tissues, cartilages, and blood vessels and as a result of which necessitated medication and extensive treatment. All of the above injuries and their sequela are permanent except for those of a superficial nature.

9. The plaintiff, Robert Boykin, was treated at the emergency room of Orange Regional Medical Center, Middletown, New York on May 29, 2007. The plaintiff was also treated at the emergency room of Orange Regional Medical Center, Goshen, New York on June 1, 2007. The plaintiff also underwent the following procedure, performed by Dr. Steven Touliopoulos at St. Vincent's Hospital on December 6, 2007: Left shoulder arthroscopic anterior capsular placation, arthroscopic subacromial decompression, arthroscopic partial

synovectomy, arthroscopic debridement of partial undersurface rotator cuff fraying, and arthroscopic debridement of anterior and posterior labral fraying. Plaintiff remains periodically confined to home from December 6, 2007 to present.

10. Annexed to Plaintiff's response to notice for discovery and inspection are authorizations to retrieve plaintiff's medical records which will include all x-ray reports.

11. The plaintiff's medical providers and known estimated special damages are:

Orange Regional Medical Center $781.00
Horton Campus
60 Prospect Avenue
Middletown, New York 10940

Orange Regional Medical Center $386.71
Arden Hill Campus
4 Harriman Drive
Goshen, New York 10924

Vincent J. Gulfo, M.D. $550.00
70 Hatfield Lane
Goshen, New York 10924

Health Point Physical Therapy $1295.01
10 Little Britain Road
Newburgh, New York 12550

Lenox Hill Radiology & Medical Imaging Associates    $1757.34
Jacob Lichy, M.D./ Thomas Kolb, M.D.
61 East 77th Street
New York, New York 10021

University Orthopedics of New York/ $
Steven Touliopoulos, M.D.
36 7th Avenue, Suite 502
New York, New York 10011

St. Vincents Hospital $
170 W. 12th Street
New York, New York 10011

Mobile Life Support Services $508.78
Post Office Box 471
Newburgh, New York 12551

All special damages are continuing. Annexed to Plaintiff's response to notice for discovery and inspection are authorizations to retrieve plaintiff's medical records which should indicate all dates of treatments.

12. See response # 11.

13. Not applicable.

14. The plaintiff is employed as a porter for Travel Centers of America, 125 Neelytown Road, Montgomery, New York. His salary is $8.24/hour and works 40 hours per week. Plaintiff was unable to work from May 30, 2007 through June 4, 2007, and November 30, 2007 to present and therefore his estimated lost earnings are $4120.00 and continuing.

15. Not applicable.

16. Not applicable.

17. See response # 11.

18. Not applicable.

19. Not applicable.

20. Not applicable.

21. See response # 11.

22. Plaintiff's medical expenses are paid under his no-fault insurance policy. The no-fault carrier is Encompass Insurance Company, Post Office Box 440457, Kennesaw, Georgia, policy # 261054770; claim # Z6030308.  Annexed to Plaintiff's response to notice for discovery and inspection is an authorization to retrieve plaintiff's no-fault file.

23. See response # 22.

24. See response # 22.

25. Plaintiff's 1997 Chevrolet motor vehicle was rendered a total loss and payment for property damage was made.

26. See response # 25.

27. At the time of the occurrence plaintiff was, and remains, married to ELIZABETH BOYKIN.

28. Plaintiff, ELIZABETH BOYKIN, resides at 45 Underhill Road, Apt. K, Middletown, New York.

29. By reason of this accident, the plaintiff, ELIZABETH BOYKIN, has been deprived, from the accident date to present, of the comfort, services, companionship and society of her husband and has incurred and will continue to incur great expense incident to his medical care and treatment.

30. Pursuant to defendants' CPLR 3017(c) demand, plaintiff, Robert Boykin, claims damages in the amount of Two Million Dollars and plaintiff, Elizabeth Boykin, claims damages in the amount of One Million Dollars.

Dated: Goshen, New York
February 28, 2008

Yours etc.,

Richard A. Bernsley, Esq.
Attorney for Plaintiffs
One Railroad Avenue
Goshen, New York 10924
(845) 294-4788

TO:   White Fleischner & Fino, LLP
        Attorneys for Defendants
        61 Broadway
        New York, New York 10006
        212-487-9700

STATE OF NEW YORK )
                ) SS.:
COUNTY OF ORANGE )

MELISSA HERNANDEZ, being duly sworn, deposes and says:

I am not a party to this action, I am over 18 years of age and reside at Port Jervis, New York.

On February 28, 2008 I served the within Verified Bill of Particulars, Response to Notice for Discovery and Inspection and Combined Demands to Defendant by depositing a true copy thereof enclosed in a post paid envelope via first class mail in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to each of the following persons at the last known address set forth after each name:

                White, Fleischner & Fino, LLP
                61 Broadway
                New York, New York 10006

                                    *Melissa Hernandez*
                                MELISSA HERNANDEZ

Sworn to before me this
28th day of February, 2008

*Theresa Coleman*
NOTARY PUBLIC

                THERESA COLEMAN
          Notary Public, State of New York
              No. 01CO6044368
           Qualified in Orange County
       Commission Expires July 3, 20__

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification**

certify that the annexed

has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation**

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                    is

I affirm that the foregoing statements are true under penalties of perjury.

Dated:

.............................................................................

*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF   ORANGE                    ss.:

ROBERT BOYKIN                          being sworn says: I am   the Plaintiff

☒ **Individual Verification**

in the action herein; I have read the annexed  Bill of Particulars

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the                                         of

☐ **Corporate Verification**

a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on  February 28, 2008 , 20

*[signature: Melissa Hernandez]*

MELISSA HERNANDEZ
Notary Public, State of New York
No. 01HE6051408
Qualified in Orange County
Commission Expires November 27, 2010

*[signature: Robert Boykin]*

ROBERT BOYKIN    *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF

being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                              , 20    , I served a true copy of the annexed

in the following manner:

☐ **Service by Mail**

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Personal Service**

by delivering the same personally to the persons at the address indicated below:

☐ **Service by Electronic Means**

by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Overnight Delivery Service**

by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                              , 20

.............................................................................

Index No.                          Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

ROBERT BOYKIN & ELIZABETH BOYKIN,

                          Plaintiffs,

          -against-

SHAUN OTTEN & INSINGER PERFORMANCE INCORPORATED,

                          Defendants.

## VERIFIED BILL OF PARTICULARS

LAW OFFICES OF
**RICHARD ALAN BERNSLEY**

*Attorney for*          **Plaintiffs**

ONE RAILROAD AVENUE
GOSHEN, NEW YORK 10924
TEL: (845) 294-4788    FAX: (845) 294-4752

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed* February 28, 2008 *frivolous.*

*Dated:* .................................................    Signature .......................................................
                                                    **RICHARD BERNSLEY, ESQ.**
                                        Print Signer's Name ...............................................................

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                                        .......................................................................

                                        *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                    20
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                                    *one of the judges of the within named Court,*
SETTLEMENT,  *at*
            *on*                    20          *, at*            *M.*

*Dated:*

                                        LAW OFFICES OF
                                        **RICHARD ALAN BERNSLEY**

                    *Attorney for*

                                        ONE RAILROAD AVENUE
                                        GOSHEN, NEW YORK 10924

To:

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on March 12, 2008, deponent served the within **NOTICE OF REMOVAL,** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Richard Bernsley, Esq.
One Railroad Avenue
Goshen, New York 10924
(845) 294-4788

                                                        Wendy Jantz

Sworn to before me this
12th day of March, 2008

LAUREN RICCIO MELTZER
NOTARY PUBLIC, State of New York
No. 01RI5082855
Qualified in King County
Commission Expires July 28, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BOYKIN and ELIZABETH BOYKIN,

Plaintiff,

-against-

SHAUN OTTEN & INSINGER PERFORMANCE
INCORPORATED,

Defendants.

## NOTICE OF REMOVAL

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANTS, SHAUN OTTEN & INSINGER PERFORMANCE*
*INCORPORATED*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 487-9700**

To:
*Attorney(s) for*

*Service of a copy of the within*    is hereby admitted.
*Dated:*

.........................
*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐    *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*
NOTICE OF
ENTRY

☐    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
     *one of the judges of the within named Court, at , on , at  .*
NOTICE OF
SETTLEMENT

*Dated:*

                               **WHITE FLEISCHNER & FINO, LLP**

                *Attorneys for*

                           **61 BROADWAY**
                        **NEW YORK, N.Y. 10006**